

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RAY PINEDA,

Petitioner,

v.

BRIAN WILLIAMS, et al.,

Respondents.

Case No. 3:16-cv-00187-RCJ-WGC

ORDER

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Nevada state prisoner Ray Pineda is before the court on respondents' motion to dismiss several grounds (ECF No. 11). Pineda has opposed (ECF No. 19), and respondents replied (ECF No. 21).

**I.      Procedural History and Background**

On July 28, 2000, a jury convicted Pineda of second-degree murder with use of a deadly weapon (exhibit 64).[1] The state district court sentenced Pineda to a term of life with the possibility of parole after ten years and an equal and consecutive term for the deadly weapon enhancement. Exh. 70. Judgment of conviction was filed on October 12, 2000. Exh. 69.

On May 4, 2004, in a published opinion, the Nevada Supreme Court reversed and remanded for a new trial. Exh. 100. Remittitur issued on June 2, 2004. Exh. 102.

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 11, and are found at ECF Nos. 12-18.

1

Pineda was re-tried, and on March 2, 2006, the second jury convicted him of second-degree murder with use of a deadly weapon. Exh. 148. The state district court again sentenced him to a term of life with the possibility of parole after ten years and an equal and consecutive term for the deadly weapon enhancement. Exh. 155. Judgment of conviction was filed on May 25, 2006. Exh. 156.

Pineda filed a state postconviction habeas corpus petition on February 5, 2009, and counsel was appointed. Exhs. 165, 167. On July 26, 2012, the state district court granted the postconviction petition in part, permitting a late appeal from the judgment of conviction. Exh. 185.

Pineda filed the appeal; the Nevada Supreme Court affirmed the conviction on July 22, 2013, and remittitur issued on August 19, 2013. Exhs. 208, 209.

On March 12, 2014, the state district court conducted an evidentiary hearing on the remaining four claims of ineffective assistance of counsel raised in Pineda's state postconviction petition. Exh. 214. On May 1, 2014, the state district court denied those remaining claims. Exh. 215. The Nevada Supreme Court affirmed the denial of the petition on April 15, 2015, and remittitur issued on May 13, 2015. Exhs. 237, 238.

Pineda dispatched his federal habeas petition for filing on March 24, 2016 (ECF No. 5). Respondents now argue that several grounds are subject to dismissal as unexhausted or noncognizable in federal habeas corpus (ECF No. 11).

**Legal Standards & Analysis**

 a. **Exhaustion**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the

2

claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor,* 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner,* 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard,* 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); *see Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert,* 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge*

*v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

**Ground 1**

Pineda sets forth several claims that his trial counsel rendered ineffective assistance in violation of his Sixth and Fourteenth Amendment rights (ECF No. 5, pp. 8-23). Respondents argue that several subparts of ground 1 are unexhausted (ECF No. 11, p. 5-8).[2]

Petitioner asserts the following in ground 1:

Ground 1(b): trial counsel was ineffective for waiving the cross examination of Alfredo Mena (ECF No. 5, pp. 10-13).

Ground 1(c): trial counsel failed to interview Danny Zapata prior to trial and failed to call him as a defense witness. *Id.* at 13-16. Zapata and Pineda were attacked about two weeks prior to the incident at issue; Zapata had his throat cut, and Pineda was stabbed multiple times. This testimony was relevant to Pineda's state of mind and heightened fear before the fight with the victim. *Id.*

Ground 1(f): trial counsel failed to investigate or interview Eric Chargola. *Id.* at 20-21.

Ground 1(h) counsel forwarded Pineda's entire case file to the attorney general's office. *Id.* at 21.

Ground 1(j): trial counsel testified at the postconviction evidentiary hearing that he never went over with discovery with the petitioner. *Id.*

The court has carefully reviewed the state-court record and concludes that Pineda did not present these claims to the highest state court. *See* exhs. 198, 230. Accordingly, grounds 1(b), 1(c), 1(f), 1(h), and 1(j) are unexhausted.

---

[2] The court follows respondents' labeling of the subparts of ground 1.

Respondents further argue that grounds 1(d) and 1(i) are also unexhausted (ECF No. 11, pp. 7-8). In ground 1(d) Pineda contends that trial counsel failed to interview the defense expert on gang behavior prior to trial (ECF No. 5, pp. 16-18).

This court concludes that this claim was fairly presented to the Nevada Supreme Court in Pineda's direct appeal as well as in his appeal of the denial of his state postconviction petition. Exh. 198, pp. 42-44; exh. 230, pp. 31-33. Ground 1(d), therefore, is exhausted.

Pineda asserts in ground 1(i) that trial counsel failed to ensure that bail appeared on the prison computer (ECF No. 5, p. 21). Pineda phrases the claim slightly differently in the federal habeas petition, but a fair reading of his direct appeal and appeal of the denial of his state postconviction petition dictates the conclusion that he presented this claim to the highest state court. Exh. 198, p. 44; exh. 230, pp. 28-29. Accordingly, ground 1(i) is exhausted.

**Ground 3**

Pineda argues that the state failed to disclose petitioner's brother Juan Pineda's voluntary, exculpatory statement pursuant to *Brady v. Maryland* in violation of his Fifth, Sixth, and Fourteenth Amendment rights (ECF No. 5, pp. 31-38). Pineda appears to claim that Juan's statement to the police regarding how he came into possession of the alleged murder weapon was different from the suggestion made at trial that Juan got the knife from petitioner. Juan passed away before trial. *Id.* Respondents argue that ground 3 is unexhausted (ECF No. 11, p. 8). This court agrees; Pineda did not present federal ground 3 to the highest state court. Thus, ground 3 is unexhausted.

**b. Noncognizable or conclusory claims**

**Ground 4**

Respondents also move to dismiss ground 4 (ECF No. 11, pp. 3-5). Pineda asserts that the cumulative effect of pretrial and trial errors and the cumulative effect of trial counsel's errors violated his Fifth, Sixth, and Fourteenth Amendment rights to due

process and effective assistance of counsel (ECF No. 5, pp. 40-47). Respondents assert that cumulative error claims are not cognizable on federal habeas review (ECF No. 11, pp. 3-5). Respondents also argue, that even if the cumulative effect of some trial errors is cognizable on federal habeas review, ineffective assistance of counsel claims cannot cumulate.

This court determines that this claim is cognizable as a matter of pleading and survives the motion to dismiss. Prejudice may result from the cumulative impact of multiple deficiencies. *Parle v. Runnels,* 505 F.3d 922, 929 (9th Cir. 2007) ("the combined effect of multiple trial errors violates due process where it renders the resulting criminal trial fundamentally unfair"); *Harris By & Through Ramseyer v. Wood,* 64 F.3d 1432, 1438 (9th Cir. 1995).

**Grounds 1(g), 1(h), 1(i), and 1(j)**

Respondents move to dismiss these grounds as conclusory (ECF No. 11, pp. 10-11). In federal habeas proceedings, notice pleading is not sufficient. Mere conclusions of violations of federal rights without specifics do not state a basis for federal habeas relief. *Mayle v. Felix,* 545 U.S. 644, 655 (2005). A petition may be summarily dismissed if the allegations in it are "vague, conclusory, palpably incredible, patently frivolous or false." *Hendricks v. Vasquez,* 908 F.2d 490, 491 (9th Cir. 1990) (internal citations omitted); *see also Blackledge v. Allison,* 431 U.S. 63, 74 (1977).

Again, ground 1 sets forth several ineffective assistance of trial counsel claims. In ground 1(g), Pineda contends that trial counsel failed to file a single opposition to any of the state's pretrial motions; in ground 1(h) he argues that trial counsel forwarded his entire case file to the attorney general's office; in ground 1(i) he claims that counsel failed to seek to enforce the grant of bail prior to the new trial; and in ground 1(j) he asserts that counsel testified at the state postconviction evidentiary hearing that he never went over discovery with Pineda. The court concludes that Pineda's *pro se* pleading of these claims, while not a model of clarity, is clear enough and not palpably

incredible or frivolous. The court declines to dismiss these claims at this stage of the proceedings as mere conclusory claims.

### III. Petitioner's Options Regarding Unexhausted Claim

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the court finds that grounds 1(b), 1(c), 1(f), 1(h), and 1(j) and ground 3 are unexhausted. Because the court finds that the petition contains unexhausted claims, petitioner has these options:

> 1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;
>
> 2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or
>
> 3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

If petitioner wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court, and presents argument regarding the question of whether or not his unexhausted claims are plainly meritless. Respondents would then be granted an opportunity to respond, and petitioner to reply. Or petitioner may file a declaration voluntarily abandoning his unexhausted claims, as described above.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

IV. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 11) is **GRANTED** in part as follows:

Grounds 1(b), 1(c), 1(f), 1(h), and 1(j) and ground 3 are **UNEXHAUSTED**.

Grounds 1(d) and 1(i) are exhausted.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

IT IS FURTHER ORDERED that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

IT IS FURTHER ORDERED that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

IT IS FURTHER ORDERED that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED: 22 August 2017.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE