UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RAY PINEDA,

Petitioner,

v.

BRIAN WILLIAMS, et al.,

Respondents.

Case No. 3:16-cv-00187-RCJ-WGC

ORDER

This *pro se* habeas matter under 28 U.S.C. § 2254 comes before the court on petitioner Ray Pineda's motion for stay and abeyance in accordance with *Rhines v. Weber* in order that he may exhaust the unexhausted grounds of his petition (ECF No. 24). Respondents opposed (ECF No. 25).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

1

The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Thus, this court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Rhines*, 544 U.S. at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011). "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." *Id.* An indication that the standard is not particularly stringent can be found in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), where the Supreme Court stated that: "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to exhaust." *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U.S. at 278). *See also Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005) (the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*).

In its order dated August 22, 2017, this court granted respondents' motion to dismiss in part and concluded that grounds 1(b), 1(c), 1(f), 1(h), 1(j) and ground 3 were unexhausted. (ECF No. 23). Ground 1 sets forth various claims of ineffective assistance of trial counsel (ECF No. 5, pp. 8-23). In ground 3, Pineda argues that the state failed to disclose petitioner's brother Juan Pineda's voluntary, exculpatory statement pursuant to *Brady v. Maryland* (Juan passed away before trial). *Id.* at 31-38.

Pineda claims in his motion for stay that his federal petition—which he dispatched for mailing on March 29, 2016—is a protective petition filed here while he pursues his unexhausted claims in state court (ECF No. 24). However, respondents point out that Pineda does not have a state postconviction petition currently pending, and he has not filed any state postconviction petition since he filed this federal petition in March 2016 (ECF No. 25). Moreover, Pineda offers no argument whatsoever that he has good cause for his failure to exhaust his unexhausted claims in state court.

Accordingly, petitioner's motion for a stay and abeyance of this federal habeas corpus proceeding is denied. Pineda must now either (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims.

**IT IS THEREFORE ORDERED** that petitioner's motion for stay and abeyance (ECF No. 24) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

**IT IS FURTHER ORDERED** that petitioner's motion for copy of docket sheet (ECF No. 27) is **GRANTED**.  The Clerk **SHALL SEND** to petitioner one copy of the docket sheet in this case.

DATED: 23rd day of May, 2018.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE