UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| RAY PINEDA, | Case No. 3:16-cv-00187-RCJ-WGC |
| Petitioner, | ORDER |
| v. | |
| BRIAN WILLIAMS, et al., | |
| Respondents. | |

This *pro se* habeas matter under 28 U.S.C. § 2254 comes before the court on petitioner Ray Pineda's motion for reconsideration of this court's order denying his motion for stay and abeyance (ECF No. 30). Respondents opposed (ECF No. 31).

On May 23, 2018, this court denied Pineda's motion to stay his federal petition while he returned to state court to exhaust his unexhausted claims (ECF No. 29). Pineda argued that his federal petition is a protective petition, but he has no state postconviction petition pending. Nor did he offer any argument that he had good cause for his failure to exhaust the claims in state court.

On June 13, 2018, Pineda filed a motion for reconsideration of that order (ECF No. 30). Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule

1

60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999).

Pineda argues that he did not receive respondents' opposition to his motion to stay, and therefore, he was unable to demonstrate good cause for his failure to exhaust in his reply in support of his motion. However, respondents point out that Pineda bore the burden of demonstrating—in the motion itself—that he had good cause for failure to exhaust. Pineda also now argues that ineffective assistance of state postconviction counsel provides cause for his failure to exhaust. However, the correspondence from his state postconviction counsel that he includes with his motion for stay belies this argument; it instead shows that counsel communicated with Pineda and made reasoned, professional judgments in litigating his state case. *See Jones v. Barnes*, 463 U.S. 745 (1983) (appellate counsel need not and should not raise every nonfrivolous claim but should select claims that maximize the likelihood of success).

Accordingly, Pineda has failed to make an adequate showing under either Rule 60(b) or 59(e) that this court's order denying his motion for stay and abeyance should be reversed.

The court shall grant petitioner an additional thirty (30) days to comply with this court's earlier order by (1) informing this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) informing this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims.

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (ECF No. 30) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner has **thirty (30) days** from the date of this order to comply with this court's order dated May 23, 2018 (ECF No. 29).

DATED: 8 August 2018.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE